UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAB-I AM BEY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> LEROY BACA, et al., <br><br> Defendants. | Case No. CV 12-10054-R (RNB) <br><br> REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Manuel L. Real, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

**PROCEEDINGS**

Plaintiffs Nab-I Am Bey and Akop Galadzhyan filed this pro se civil rights action on November 26, 2012, after paying the filing fee. Although the Complaint was generally unintelligible and consisted mostly of legal conclusions, plaintiff's claims appeared to arise out of a foreclosure and/or an unlawful detainer action that had resulted in their eviction from their residence. Included among the defendants named in the Complaint were Los Angeles County Sheriff Baca, the Federal National Mortgage Association, two Los Angeles County Sheriff's Deputies, three Superior

1

Court clerks, and some private parties.

In the face of three pending motions to dismiss, plaintiffs filed a notice of voluntary dismissal of various defendants on April 1, 2013, which had the effect of rendering moot two of the motions to dismiss. Concurrently, plaintiffs lodged a proposed First Amended Complaint. The only individuals named as defendants in the proposed First Amended Complaint were Los Angeles County Sheriff Baca and Sheriff's Deputies Winningham and Ramirez, who again were named in both their individual and official capacities. Also named as defendants in the proposed First Amended Complaint were Los Angeles County and City of North Hollywood, who plaintiffs were alleging were the employers and supervisors of the individual defendants.[1]

Based on its review of the proposed First Amended Complaint, the Court issued an Order on April 16, 2013. As to defendant Sheriff Baca, the Court noted that, since more than 21 days had passed since the service of plaintiffs' original Complaint on Sheriff Baca and Sheriff Baca's filing of a Rule 12(b) motion to dismiss, plaintiffs did not have the right to file an amended complaint without Sheriff Baca's written consent or the Court's leave. See Fed. R. Civ. P. 15(a)(1)-(2). Accordingly, prior to authorizing the filing of the First Amended Complaint, the Court decided to afford Sheriff Baca the opportunity to be heard. The Court ordered him to serve and file either opposition or a statement of non-opposition to the filing of the First Amended Complaint. Sheriff Baca did subsequently file a Notice of Non-Opposition and the Court thereupon ordered the First Amended Complaint filed.

---

[1] In a Report and Recommendation issued on May 16, 2013, the Court recommended the dismissal of this action without prejudice as to defendants Winningham, Ramirez, County of Los Angeles, and City of North Hollywood for failure to prosecute, after plaintiffs failed to respond to the Court's April 13, 2013 order to show cause why service of process was not timely effectuated on those defendants.

On May 15, 2013, Sheriff Baca filed a Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion") on the following grounds: (1) plaintiffs lack standing to pursue this action; (2) the Court lacks subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine; (3) plaintiffs' complaint fails to state facts sufficient to state a claim for relief against Sheriff Baca; and (4) Sheriff Baca is entitled to quasi-judicial immunity for acts taken to enforce orders issued by judges of the California Superior Court. Per a Minute Order issued on May 16, 2013, the Court ordered plaintiffs, if they opposed the Motion and accompanying Request for Judicial Notice ("Request"), to serve and file their opposition papers on or before June 4, 2013. Citing Local Rule 7-12, the Court expressly forewarned plaintiffs that their failure to file timely opposition might be deemed by the Court as consent to the granting of the Motion and Request.

After plaintiffs failed to file any opposition to the Motion and Request by the June 4, 2013 deadline, the Court issued a Minute Order on June 6, 2013, wherein it noted that plaintiffs had at various times during the pendency of this action listed three different addresses on the cover pages of their filings. The Court ordered the courtroom deputy to serve copies of the Minute Order and to re-serve copies of the May 16, 2013 Minute Order on both plaintiffs at all three addresses. Further, the Court extended plaintiffs' time to file to file their opposition to fourteen (14) days from the date of re-service of the May 16, 2013 Minute Order. In addition, the Court again forewarned plaintiffs that their failure to file timely opposition might be deemed by the Court as consent to the granting of the Motion and Request.

The May 16, 2013 Minute Order was re-served on plaintiffs on June 6, 2013, along with copies of the June 6, 2013 Minute Order.

The extended deadline for plaintiffs' opposition to the Motion and Request now has lapsed without any opposition being filed by plaintiffs. For the reasons discussed below, the Court now recommends that this action be dismissed as to Sheriff Baca for failure to prosecute.

## DISCUSSION

As noted above, when the Court initially set June 4, 2013 as the deadline for plaintiffs' filing of opposition to the Motion and Request, the Court expressly forewarned plaintiffs that their failure to file timely opposition might be deemed by the Court as consent to the granting of the Motion and Request. When the Court then extended plaintiffs' filing deadline to fourteen (14) days from the date of re-service of the May 16, 2013 Minute Order, the Court again forewarned plaintiffs that their failure to file timely opposition might be deemed by the Court as consent to the granting of the Motion and Request. In accordance with Local Rule 7-12, the Court hereby deems plaintiffs' failure to file opposition, even after the Court gave them a second opportunity to do so, as consent to the granting of the Motion and Request.

Further, plaintiffs' failure to file opposition to the Motion despite the Court's admonitions that such failure would be deemed as consent to the granting of the Motion and Request evidences a lack of prosecution on their part. The Court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Federal Rule of Civil Procedure 41(b).

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." See Carey, 856 F.2d at 1440.

Here, the Court finds that the first and second Carey factors clearly militate in favor of dismissal of this action as to Sheriff Baca. Moreover, given plaintiff's pro per and in forma pauperis status, it does not appear to the Court that there are any less drastic sanctions available for the Court to impose. The Court therefore finds that the fifth Carey factor also militates in favor of dismissal. Further, the Court finds that the

fourth Carey factor does not militate against dismissal here, because in accordance with Local Rule 7-12, the Court has deemed plaintiffs' failure to file timely opposition to the Motion as consent to the granting of the Motion on the grounds raised therein, including lack of subject matter jurisdiction. Finally, even if the third and fourth Carey factors do not militate in favor of dismissal, the Court has concluded that the first, second, and fifth factors in this instance outweigh the third and fourth factors.

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and accepting this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action as to Sheriff Baca for failure to prosecute.

DATED: July 3, 2013

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE